**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JUAN DOMINGUEZ-RAMOS, | Nos. 17-73384 |
| Petitioner, | 18-72466 |
| v. | Agency No. A205-150-950 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2020[**]

Before: HAWKINS, GRABER, and CLIFTON, Circuit Judges.

This case involves two petitions for review by Juan Dominguez-Ramos, a

native and citizen of Mexico. They challenge (1) a November 2017 Board of

Immigration Appeals' ("BIA") decision dismissing an appeal from an order of

removal entered by the immigration judge ("IJ") in February 2017, and (2) an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

August 2018 BIA order denying petitioner's motion to reopen. We deny both petitions.

1. We review an adverse credibility finding for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). The agency must provide "specific and cogent reasons in support of an adverse credibility determination," and consider the totality of the circumstances, and all relevant factors. *Id.* at 1044 (internal quotation marks omitted); *see* 8 U.S.C. § 1158(b)(1)(B)(iii). We may not reverse the agency's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

The adverse credibility determination was supported by substantial evidence, including: (1) that petitioner failed to disclose eight voluntary returns to Mexico in his asylum application, (2) that petitioner omitted a one-and-a-half-year period when he lived outside of Mexico City following an alleged kidnaping attempt in 1999, (3) that petitioner previously stated to an immigration officer that he did not fear persecution in Mexico, and (4) that petitioner's wife and children visited the United States and voluntarily returned to the conditions in Mexico that formed the basis of his alleged claim of persecution.

In the absence of credible testimony from Petitioner, the IJ and BIA permissibly denied his claims for asylum and withholding of removal. Because no independent evidence, apart from his testimony, supported the claim for CAT protection, that claim also fails.

2. We review the denial of a motion to reopen for abuse of discretion and will reverse the denial of a motion to reopen only if it is "arbitrar[y], irrational[] or contrary to law." *Yeghiazaryan v. Gonzales*, 439 F.3d 994, 998 (9th Cir. 2006) (citing *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004)). The BIA did not abuse its discretion in concluding that Petitioner failed to demonstrate prima facie eligibility for withholding of removal. Petitioner's motion to reopen contained additional evidence describing his wife's encounter with armed men who were believed to be part of a Mexican drug cartel, including threats and an extortion attempt. But the evidence failed to establish any nexus between the alleged extortion and a protected ground.

The BIA did not abuse its discretion in denying petitioner's motion to reopen with respect to his CAT claim. Substantial evidence supported the BIA's initial denial of CAT relief, and the additional evidence offered in the motion to reopen, coupled with petitioner's past allegations, did not show that it was more

likely than not that he would be tortured if removed to Mexico. *See* 8 C.F.R.

§ 208.16(c)(2); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-34 (9th Cir. 2014).

**PETITIONS FOR REVIEW DENIED.**